[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT BANK OF NEW YORK'S MOTION TO STRIKE DEFENDANT CLARA MCHUGH'S MOTION TO STRIKE AND KATHLEEN MCHUGH COSBY'S MOTION TO STRIKE
CT Page 10257
This matter is before the court in connection with motions to strike filed by defendant Bank of New York and defendant Kathleen McHugh Cosby. The following facts are alleged in plaintiff's complaint. In March, 1995, John McHugh entered into an oral contract with the plaintiff Ultimate Services to perform landscaping, maintenance and repair services at Mr. McHugh's residence in Greenwich, Connecticut. Mr. McHugh died on May 26, 1996. Subsequently, the Greenwich Probate Court appointed his widow Clara McHugh and Putnam Trust, a division of the Bank of New York, as co-executors of his estate.
After his death and at the request of Mrs. McHugh, Ultimate Services continued to perform the landscaping, maintenance and repair services which were the subject of the oral agreement with Mr. McHugh. Ultimate Services took direction from Mrs. McHugh as to what services she wished performed. When Ultimate Services contacted Putnam's trust officers regarding certain of Mrs. McHugh's requests, the plaintiff was told to "do whatever she wants." Some of the services rendered by plaintiff were in anticipation of the marriage of the McHughs' daughter, Kathleen McHugh Cosby. Neither Mrs. McHugh, Mrs. Cosby nor Putnam Trust entered into a written contract with the plaintiff for its services. Putnam Trust paid plaintiff for services rendered by plaintiff through March, 1997, but has refused to pay for approximately $75,000 in services rendered in April, May and June, 1997. This action arises out of defendants' refusal to pay for those services.
The Bank of New York moves to strike counts one, four and six of plaintiff's second revised complaint. Clara McHugh moves to strike counts one, two, five and eight of the complaint. Kathleen McHugh Cosby moves to strike counts one, three and seven of the complaint. Each will be considered separately. The standards governing a motion to strike are well established. A motion to strike is utilized to test the "legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof to state a claim upon which relief can be granted." Connecticut Practice Book § 10-39. The motion to strike admits all CT Page 10258 facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. If not, the motion to strike must be granted. Ferryrnan v. Groton, 212 Conn. 138 (1989).
A. Bank of New York's Motion to Strike
Bank of New York moves to strike the first (breach of contract), fourth (Connecticut Unfair Trade Practices Act) and ninth (breach of implied covenant of good faith and fair dealing) counts of plaintiff's second revised complaint. With respect to all three counts, Bank of New York alleges that the nature of the services rendered by the plaintiff trigger the protections of the Home Improvement Act, General Statutes § 20-419
et seq.[1] Under the Home Improvement Act, a provider of home improvement services, such as the plaintiff, cannot recover unpaid fees for those services unless the homeowner and provider of services have entered into a written contract for such services. The parties in this case agree that there is no written contract between Mrs. McHugh, the Bank of New York and Ultimate Services. In the absence of such a written agreement, Bank of New York argues that Ultimate Services is barred by the Home Improvement Act from seeking payment for the services which are the subject of this lawsuit. Accordingly, it urges that counts one, four and nine of the second revised complaint be stricken.
While it is true, as Bank of New York argues, that General Statutes § 20-419 et seq. prohibits a home improvement contractor from maintaining an action for unpaid fees in the absence of a written agreement, our Supreme Court has identified an exception to that rule. InHabetz v. Condon, 224 Conn. 231 (1992), the Court "recognized that proof of bad faith on the part of the homeowner is an exception to what might otherwise be a harsh lesson to the home improvement contractor unable to recover due to a violation of the act. The central element giving rise to this exception is the recognition that to allow the homeowner who acted in bad faith to repudiate the contract and hide behind the act would be to allow him to benefit from his own wrong, and indeed encourage him to act thusly. Proof of bad faith therefore serves to preclude the homeowner from hiding behind the protection of the act . . . Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Thus, a contractor, otherwise precluded from recovering moneys owed for his work because of a violation of the act, must be permitted to assert that the homeowner's bad faith precludes him from safely repudiating the contract and hiding behind the act in order to bar the contractor's recovery." Id. at 237-238. CT Page 10259
In count nine of its second revised complaint, the plaintiff alleges that Bank of New York breached the implied covenant of good faith and fair dealing. ". . . [T]he standard definition of bad faith is the absence of good faith." Id., at 236-237. In addition, in its memorandum in opposition to the defendant's motion to strike, the plaintiff explicitly relies on the bad faith exception to the Home Improvement Act. Under these circumstances the court concludes that the plaintiff has properly raised the bad faith exception to the Home Improvement Act's rule prohibiting recovery in the absence of written contract. Because in evaluating a motion to strike, the plaintiff's allegations must be accepted as true, it is not appropriate to determine in the context of deciding this motion, whether there is a sufficient evidentiary basis to sustain the plaintiff's claim of bad faith. The Bank of New York's motion to strike count one of the second revised complaint, alleging breach of contract, is therefore denied. Because counts four and nine, alleging a CUTPA violation and breach of the covenant of good faith and fair dealing, arise out of and rely on the allegations in count one, the motion to strike those two counts is also denied.
B. Clara McHugh's Motion to Strike
In count one the plaintiff alleges that Clara McHugh, widow of John McHugh, breached an oral contract to pay Ultimate Services for lawn care and maintenance for April, May and June, 1997. In count eight, the plaintiff alleges that Clara McHugh breached the implied covenant of good faith and fair dealing. Clara McHugh moves to strike these two counts on the ground that the Home Improvement Act prohibits an action for recovery of fees by a home improvement contractor unless the claim is based on a written contract. For the reasons set forth denying Bank of New York's motion to strike on the same grounds, Clara McHugh's motion to strike counts one and eight is denied. The court concludes that the plaintiff has properly invoked the bad faith exception to the Home Improvement Act's rule prohibiting actions arising out of oral agreements. Habetz v.Condon, supra.
In count two, plaintiff asserts a claim based on quantum meruit. Clara McHugh moves to strike this count, arguing that a claim of unjust enrichment is likewise barred by the Home Improvement Act when it arises out of an oral contract. Because the bad faith exception also applies to claims sounding in unjust enrichment, Clara McHugh's motion to strike count two is denied based on the court's conclusion that the plaintiff has properly invoked this exception. Barrett Builders v. Miller,215 Conn. 316 (1990).
In count five, plaintiff asserts a claim against Clara McHugh for fraud and misrepresentation. Clara McHugh's motion to strike count five is CT Page 10260 granted as it fails to assert the four essential elements of a cause of action for fraud. Weisman v. Kaspar, 233 Conn. 531 (1995).
C. Kathleen McHugh Cosby's Motion to Strike
In count one, plaintiff pleads a cause of action against the John and Clara McHugh's daughter, Clara McHugh Cosby, for breach of contract. Nowhere in count one is there an allegation that Kathleen McHugh Cosby entered into a contract, either oral or written, with the plaintiff. In fact, in subsequent counts plaintiff asserts only that the maintenance and lawn work was performed "in preparation for the defendant Kathleen McHugh Cosby's wedding that took place at the Husted Lane residence." Under these circumstances the plaintiff has failed to state a claim upon which relief can be granted. Accordingly, count one is stricken as to the claim against Kathleen McHugh Cosby.
In count three, plaintiff asserts a claim in quantum meruit against Kathleen McHugh Cosby. For the reasons set forth above, count three is stricken.
In count seven, plaintiff asserts a claim for fraud and misrepresentation. Count seven is stricken. Weisman v. Kaspar, supra.
D. Sunmary
1. The Bank of New York's Motion to Strike counts one, four and nine is denied.
2. Clara McHugh's Motion to Strike counts one, two and eight is denied, and is granted as to count 5.
3. Kathleen McHugh Cosby's Motion to Strike counts one, three and seven is granted.
SO ORDERED
 ___________________, J. ROBERT L. HOLZBERG